IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBIN STEWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-06-1199-C |
| | ) | |
| UNITED PARCEL SERVICE OF | ) | |
| AMERICA, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff works in the Smalls Sort Department of Defendant United Parcel Services, Inc. ("UPS"), a package distribution company, where she sorts, scans, and labels envelopes and small parcels.[1] She has filed this suit against her employer claiming that she was discriminated against as a result of a medical disability and her race and subjected to UPS's intentional infliction of emotional distress.[2] Specifically, Plaintiff claims that, in March 2006, she was denied the use of a special, ergonomically sound chair that she had been using because of permanent physical restrictions resulting from a neck injury in 1994. Plaintiff further claims that as a result of using an alternate chair that lacked the proper supports and height, she was injured in April 2006, while pulling a box from an overhead shelf.

---

[1] Defendants complain that Plaintiff is not an employee of Defendant United Parcel Service of America, Inc. and that it is therefore not a proper party to this action. (Dkt. No. 22, Defs.' Mot. at 1 n.1.)

[2] This action was originally filed in state court. It was removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, because the petition raised a federal question and complete diversity between the parties exists and the amount in controversy exceeds $75,000. (Dkt. No. 1.)

Defendants move for summary judgment on all Plaintiff's claims. Although Plaintiff asserts that she was discriminated against as a result of a disability and her race, there is no evidence or argument presented in response to Defendants' motion related to a race discrimination claim. Therefore, the Court treats that claim as abandoned. Because the evidence shows that Plaintiff's efforts to exhaust her administrative remedies with respect to her claims under the Americans with Disabilities Act (the "ADA") were untimely, judgment is granted in Defendants' favor. Finally, the evidence construed in Plaintiff's favor cannot support a claim for intentional infliction of emotional distress as a matter of law. Therefore, judgment is granted in Defendants' favor on that claim as well.

## STANDARD

Federal Rule of Civil Procedure 56(c) explains that summary judgment is proper only if the moving party shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." If the movant carries the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which could convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler, 144 F.3d at 672. It is not the Court's function at summary judgment to weigh the evidence but to determine whether there is a genuine issue for trial. Willis v. Midland Risk Ins. Co., 42 F.3d 607, 611 (10th Cir. 1994). Thus, the Court views the evidence in the light most

favorable to the nonmoving party and draws all reasonable inferences in that party's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); McWilliams v. Jefferson County, 463 F.3d. 1113, 1116 (10th Cir. 2006); Simms v. Okla. ex rel. Dep't of Mental Health, 165 F.3d 1321, 1326 (10th Cir. 1999).

When the defendant is seeking summary judgment on the basis of an affirmative defense, it:

> must demonstrate that no disputed material fact exists regarding the affirmative defense asserted. If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact. If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant is then entitled to summary judgment as a matter of law.

Johnson v. Riddle, 443 F.3d 723, 724 n.1 (10th Cir. 2006) (quoting Hutchinson v. Pfeil, 105 F.3d 562, 564 (10th Cir. 1997), without citations).

## DISCUSSION

At issue are Plaintiff's claims under the ADA and for intentional infliction of emotional distress.[3]

---

[3] Defendants have moved to strike four of Plaintiff's exhibits (nos. 2, 3, 5 and 8) for failure to produce them in response to discovery requests and five exhibits (nos. 7, 8, 9, 10, and 14) for containing inadmissible hearsay. (Dkt. No. 28.) The Court has not relied on those documents in reaching its decision, but even if it had, the outcome would be the same. Therefore, it is unnecessary to rule on that motion.

**A.     ADA Claims**

Plaintiff claims in general terms that she was discriminated and retaliated against because of a medical disability in violation of the ADA.  The facts presented in support of these claims are that she was denied the use of a special chair in March 2006.  It is unnecessary to consider the merits of these claims or the underlying evidence because the Court holds that Plaintiff failed to exhaust her administrative remedies and is, therefore, barred from pursuing her claims in court.

A plaintiff asserting claims under the ADA must exhaust her claims before the Equal Employment Occupation Committee (the "EEOC") before a federal court will have jurisdiction over those claims.  Jones v. U.P.S., 502 F.3d 1176, 1183 (10th Cir. 2007).  "The first step to exhaustion is the filing of a charge of discrimination with the EEOC."  Id. Because the claims to be litigated are limited by the scope of investigation that is reasonably likely to ensue, a court must examine the charge and allegations therein to determine whether administrative remedies were exhausted as to particular claims.  See id. at 1186.  Although an EEOC charge is liberally construed, it:

> must contain facts concerning the discriminatory and retaliatory actions underlying each claim; this follows from the rule that "each discrete incident" of alleged discrimination or retaliation "constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted." Martinez v. Potter, 347 F.3d 1208, 1210 (10th Cir. 2003) (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 . . . (2002)).  Hence, any adverse employment actions occurring after [Plaintiff] submitted [her] administrative charge . . . would not fall within the scope of [her] charge.

Id.

Prior to filing this lawsuit on September 25, 2006, Plaintiff filed two charges of discrimination with the EEOC. In the first, submitted on August 7, 2005, she claimed that she had been subject to retaliation because of her race and sex and for having complained about UPS's failure to provide reasonable accommodations needed because of a disability. (Defs.' Ex. 8.) She filed a second charge on November 1, 2005, claiming that she had been retaliated against and discriminated against because of her race and her disability. (Defs.' Ex. 9.) The adverse action Plaintiff specifically complained about in both was a denial of equal pay. (See also Defs.' Ex. 1 at 75-79.)

When Plaintiff was transferred to the Smalls Sort Department in 1997, a special chair was designed and created specifically for her that would allow her to sit while doing her work and without aggravating her prior injury. (See Pl.'s Ex. 4.) Plaintiff regularly used that chair in her work until February or March of 2006. At that time, she returned to work after an absence and found that the chair could not be located. Plaintiff claims that UPS subsequently refused to replace the chair and refused her union's offers to provide an appropriate chair for her to use instead. (Defs.' Ex. 1 at 52-57.) UPS, however, did provide Plaintiff with a stool and later a regular chair for use during her shifts. Plaintiff claims that she was injured on April 10, 2006, because the chair she was using was not properly positioned and lacked the necessary supports.

Plaintiff filed a third EEOC charge that specifically related to missing chair on March 15, 2007, almost six months after this suit was filed. The date of discrimination identified was April 10, 2006, the day she was allegedly injured due to the use of an improper chair.

She claims that she was denied the chair, a reasonable accommodation, in retaliation for participating in protected activities under the ADA. She received a right-to-sue letter dated August 7, 2007.

Plaintiff's failure to pursue and to exhaust administrative remedies before filing suit is fatal. First, it is clear that the 2005 EEOC charges do not and cannot show exhaustion with respect to the claims raised in this suit. The 2005 charges alleged unequal pay based on race, sex, and a medical disability and as retaliation for having engaged in protected activities. Retaliatory or discriminatory actions that occur *after* a filing of an EEOC complaint are discrete acts for which exhaustion of administrative remedies is required. Jones, 502 F.3d at 1186; Martinez v. Potter, 347 F.3d 1208, 1210-11 (10th Cir. 2003). That Plaintiff may have verbally raised the issue during the course of the EEOC investigation of pending charges, see Defs.' Ex. 1 at 81, does not satisfy the exhaustion requirement. 29 C.F.R. § 1601.9 (requiring EEOC charges be written, signed, and verified).

Second, Plaintiff has not offered any argument for why, or on what authority, she may be excused from the requirement that exhaustion occur *before* filing suit. Likewise, her request to "amend" her pleadings is not persuasive. Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave when justice so requires." Here, the amendment would do nothing to alter the substance of the petition. It would simply be an attempt to introduce a pleading into this action that post-dates completion of the administrative process. The Court is not aware of any circumstances to justify permitting a

plaintiff who jumped the gun in filing suit to bypass the exhaustion requirement, ignoring the purposes which that requirement serves, and complete the process post-hoc.

Furthermore, to the extent that such "amendment" might theoretically be effective for jurisdictional purposes, it would be futile in this instance. A plaintiff cannot bring an action based on claims that were not part of a timely-filed EEOC charge. The failure to timely exhaust administrative remedies is an affirmative defense. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 398 (1982); Sizova v. Nat'l Inst. of Standards & Tech., 282 F.3d 1320, 1325 (10th Cir. 2002); 42 U.S.C. § 12117(a). Here, Plaintiff finally filed the charge relevant to the 2006 denial of a special chair in March 2007. That was a year after the chair was first discovered missing and approximately nine months after her unions' offers to replace the chair were refused (see Defs.' Ex. 1 at 55). Because it was filed well after the statutory time period for filing such a charge had expired, it was untimely. See 42 U.S.C. § 2000e-5(e)(1) (requiring ADA claims to be filed within 180 days after the occurrence of the unlawful discriminatory practice unless the plaintiff files a complaint with the state or local agency); 25 Okla. Stat. § 1502(A) (requiring a discrimination complaint to be filed within 180 days after the discriminatory practice occurred). Because Plaintiff offers nothing in the way of an excuse, the untimeliness of the charge warrants judgment on Defendants' affirmative defense as a matter of law and makes the proposed amendment futile. Accordingly, Defendants are entitled to summary judgment on the ADA claims for failure to exhaust administrative remedies.

**B.      Intentional Infliction of Emotional Distress**

Plaintiff argues that UPS's refusal to allow her union to replace her missing chair can support a claim for intentional infliction of emotional distress under Oklahoma law. Oklahoma, in accord with the Restatement of Torts (Second) § 46, recognizes intentional infliction of emotional distress as an independent tort. Eddy v. Brown, 1986 OK 3, ¶ 5, 715 P.2d 74, 76.  A prima facie case requires:  (1) intentional or reckless conduct; (2) that was extreme and outrageous in the setting in which it occurred; (3) that actually caused the plaintiff emotional distress and (4) the emotional distress was severe. Id.; Breeden v. League Servs. Corp., 1978 OK 27, 575 P.2d 1374, 1376-78.  It is the trial court's responsibility to determine whether the conduct may be reasonably regarded as extreme and outrageous in the sense of being so offensive "as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Eddy, 1986 OK 3, ¶ 2, 715 P.2d at 76.

On this record, the Court finds that UPS's refusal was not outrageous, atrocious, or beyond all possible bounds of decency as a matter of law.  The nature of the conduct and setting in which it occurred is critical. Starr v. Pearle Vison, Inc., 54 F.3d 1548, 1559 (10th Cir. 1995) (refusing to adopt a per se rule that every assault or battery is an intentional infliction of emotional distress).  Although UPS may have at sometime appreciated that preventing Plaintiff from using a special chair posed a risk of physical harm (see Pl.'s Ex. 4), it made an effort at accommodation by allowing Plaintiff to use a stool or regular chair. Viewed in context, UPS's conduct, even if misguided or reckless, does not rise to the level

8

of extreme or outrageous. For this reason, Plaintiff is not entitled to present her claim to a jury.

## CONCLUSION

Accordingly, Defendants' Motion for Summary Judgment (Dkt. No. 22) is GRANTED. All pending motions are rendered moot. Judgment will issue separately.

IT IS SO ORDERED this 7th of March, 2008.

_____
ROBIN J. CAUTHRON
United States District Judge