Case 5:06-cv-01199-C   Document 52   Filed 07/01/08   Page 1 of 6

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBIN STEWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-06-1199-C |
| | ) | |
| UNITED PARCEL SERVICE OF AMERICA, INC., et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION & ORDER**

The prevailing defendants in this employment action have asked the Court to order the plaintiff to pay a portion of their attorneys' fees. A court has discretion to award attorneys' fees to the prevailing party in an action to enforce the provisions of Title VII of the Civil Rights Act of 1964 or the Americans with Disabilities Act ("ADA"). 42 U.S.C. § 1988(b); 42 U.S.C. § 12205. When the defendant, as opposed to the plaintiff, is the prevailing party, a higher standard applies. In that situation, fees should only be awarded upon a finding that the plaintiff's action was "frivolous, unreasonable or groundless, or that the plaintiff continued to litigate after it became clearly so." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978); see also Twilley v. Integris Baptist Med. Ctr., Inc., 16 Fed. Appx. 923, 926 (10th Cir. 2001) (unpublished). Subjective bad faith on the plaintiff's part is not required, but "if a plaintiff is found to have brought or continued such a claim in *bad faith*, there will be an even stronger basis for charging [her] with the attorney's fees incurred by the defense." Christiansburg Garment, 434 U.S. at 422.

**THESE PROCEEDINGS**

Plaintiff filed suit against her employer, claiming that she was discriminated against because of a medical condition and her race and subjected to the intentional infliction of emotional distress. (Dkt. No. 1 Ex. 1, Pet.) The centerpiece of her allegations was that she was denied the use of necessary "adaptive equipment," a specially designed, ergonomically correct chair, and, as a result, suffered continuing discomfort and a subsequent injury. (See id.) Plaintiff's action was filed in state court on September 25, 2006, and removed here on October 27. (Dkt. No. 1.)

The parties appeared for a status and scheduling conference on April 5, 2007. In the Joint Status Report filed two days prior, Defendants specifically questioned whether Plaintiff timely and properly exhausted her administrative remedies and stated that they believed Plaintiff's claims were meritless and barred by limitations. (Dkt. No. 14, Joint Report.) Defendants also stated their intent to "recover all reasonable costs, including attorneys' fees, incurred in the defense of this lawsuit under Federal Rule of Civil Procedure 54 and the inherent power of this court." (Id. ¶ 5B.) Defendants indicated that they intended to file a motion to dismiss "by April 30, 2007 seeking to dismiss Plaintiff's claim for her failure to exhaust her administrative remedies and file within the applicable limitations period." (Id. ¶ 6B.) Immediately after the status conference, defense counsel claims to have, in the Court's own library, "explained [to Plaintiff's attorney] in detail . . . that Plaintiff failed to file a prerequisite charge of discrimination related to the allegations contained in her Original Petition." (Dkt. No. 39 Ex. 3, Schmoyer Aff. ¶ 7.)

Defendants' promised motion to dismiss was never filed, the parties engaged in unsuccessful mediation, and discovery was completed. On December 31, 2007, Defendants filed a lengthy motion for summary judgment, challenging Plaintiffs' claims on multiple fronts, including that Plaintiff had failed to exhaust administrative remedies on her ADA claims.

At summary judgment, the Court found that Plaintiff's race discrimination had been abandoned and held that Defendants were entitled to judgment on the ADA claims due to Plaintiff's failure to exhaust administrative remedies. (Dkt. No. 36, Memorandum Op. & Order.) The evidence showed that Plaintiff did not file an EEOC charge of discrimination related to the missing chair and subsequent injury until March 15, 2007, six months after this case had been filed and well after the limitations period for filing such a charge had expired. (Id. at 5-7.)

## DISCUSSION

Defendants understandably base their request for attorneys' fees on Plaintiff's failure dismiss her ADA claims even after it was obvious that relief was not available due to her having failed to exhaust administrative remedies. There is no indication or evidence of bad faith on Plaintiff's part. Nevertheless, it should have been clear no later than the April 2007 status and scheduling conference that the ADA claims were untenable. Thus, the Court finds that Plaintiff's continued litigation of those claims after that time justifies an award of Defendants' reasonable attorneys' fees related to those claims.

Plaintiff, through counsel, offers no coherent or convincing argument for why, in this case, the Court should not exercise its discretion to make such an award. In addition to complaining that Defendants never filed a motion to dismiss and would not have mediated a frivolous claim, Plaintiff states obliquely:

> Plaintiff filed her suit herein based upon the right to sue letter she received from the EEOC on June 28, 2006. Thereafter, Plaintiff filed a subsequent charge on March 15, 2007. On August 7, 2007, the EEOC issued a . . . Notice of Right to Sue regarding Plaintiff's March 15, 2007 charge.

(Dkt. No. 45, Pl.'s Resp. at 3.)

The Court has already rejected Plaintiff's logic on the last contention, finding that the June 2006 right to sue letter related to Plaintiff's 2005 charges concerning allegations of unequal pay. (Memorandum Opinion at 6 ; see also Dkt. No. 22 Exs. 8, 9 & 11.) Those charges were made before Plaintiff lost the use of her chair and could not have satisfied the requirement that she exhaust administrative remedies with respect to that discrete act of alleged discrimination or retaliation.

Plaintiff's suggestion that Defendants' actions warrant a denial of their motion likewise misses the mark. That Defendants might undertake to mediate or settle a dispute with a long-time employee such as Plaintiff does not indicate that her legal claims are supported or debatable. Nor does the fact that Defendants failed to move for dismissal earlier in these proceedings indicate that no fees should be awarded for defending against otherwise groundless claims. See Piljan v. Mich. Dep't of Soc. Servs., 585 F. Supp. 1579, 1582 (E.D. Mich. 1984) (explaining that fees may be awarded even if an employer fails to file a motion

for summary judgment). That delay and Defendants' strategic choices in responding to Plaintiff's claims will, however, be considered in determining the reasonable amount of the award.

Despite finding that an award of fees is warranted, the Court is not able to make such an award because of an insufficient record. Defendants have attached evidence of the time three attorneys spent on this case and the prevailing local market rate for attorneys of their experience. They have also generally identified the various tasks performed by these individuals. However, they have not apportioned the time spent to discrete tasks and claims. This they must do.

In addition, the Court suspects that even capping the award at $25,000, as Defendants suggest, would impose a tremendous burden, if not prove financially ruinous. A plaintiff's ability or inability to pay must be considered in fixing the amount of the fee award. Roth v. Green, 466 F.3d 1179, 1194 (10th Cir. 2006). Therefore, the Court will hear from Plaintiff on this issue before setting an award.[*]

---

[*] Defendants have not requested that Plaintiff's attorney be ordered to pay some or all of their fees pursuant to 28 U.S.C. § 1927. See, e.g., Davidson v. Allis-Chalmers Corp., 507 F. Supp. 1532, 1541 (W.D. Mo. 1983) (allocating the assessment of the defendant's attorneys' fee award between the plaintiff and her counsel). The statutory authority cited by them in their briefs, and relied on by the Court herein, does not permit the Court to assign to Plaintiff's attorney any responsibility for paying Defendants' reasonable attorneys' fees.

## CONCLUSION

Accordingly, Defendants' Motion for Attorneys' Fees (Dkt. No. 39) is GRANTED in part. The Court finds that Defendants as the prevailing parties on Plaintiff's ADA claims are entitled to an award of reasonable attorneys' fees because Plaintiff continued to litigate those claims well after it was clear that they were legally untenable. Defendants are ORDERED to supplement their request for fees to identify the tasks undertaken by each attorney and the time spent thereon, to be filed no later than July 14, 2008. Counsel for Plaintiff is INSTRUCTED to confer with her client regarding the latter's financial situation and ability to pay an award of no more than $25,000, and to file, by July 14, 2008, a short surreply on that topic along with necessary evidentiary support. The Court will rule on the remainder of Defendants' motion as it regards the amount of fees to be awarded after receiving these submissions.

IT IS SO ORDERED this 1st of July, 2008.

ROBIN J. CAUTHRON
United States District Judge